## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Dunnington Associates

    v.

McPherson

September 11, 1985

Case No. (Chancery) 7434

By JUDGE EDWARD W. HANSON, JR.

The matter came before the Court on September 5, 1985. Defendant, trustee under a deed of trust on which plaintiff is the obligor, moved to foreclose based on plaintiff's removal of a two story building from the real property in question. Defendant based his foreclosure on that provision of the deed of trust incorporating Section 55-59 of the Code of Virginia, specifically paragraphs (3) and (4) of that section.

The property in question is commonly referred to as 207 12th Street, Virginia Beach, Virginia, a lot 50' x 150' directly west of the Raven Restaurant, a viable business enterprise operated by plaintiff. Plaintiff purchased the property from the noteholder's predecessor in interest for $150,000.00 in 1980, with the structure described being used as a rooming house "rented to essentially low income people." It is clear from the evidence that plaintiff envisioned their use of the property to be for parking for the Raven. They continued to operate the structure as a rooming house for approximately eight months after purchase, but then ceased such operation, and allowed the building, erected circa 1905, to gradually deteriorate while using it for storage. The noteholder, a profit sharing plan, became aware of the state of the building in 1983 and expressed his concern to plaintiff.

Plaintiff took no action to improve the structure, and the noteholder directed the defendant trustee to foreclose and hold a sale on November 1, 1984. This Court temporarily enjoined the foreclosure by its decree of October 29, 1984, requiring plaintiff to post a bond in the amount of $25,000.00. While the injunction remained in effect and after the posting of the required bond, plaintiff razed the building, removed the debris, and began using the property as a parking lot. It should be noted that at no time was plaintiff in default or in arrears on this note or on any others secured by this property, and that the note in question provides for an interest rate of 9.50 per cent per annum. The total amount of indebtedness on the property is approximately $92,000.00.

Plaintiff's evidence as to the current value of the property revealed that the current market value is $225,000.00 plus. The "highest and best use of the property" is in its present condition, unimproved, to be used as a parking lot for either an adjacent viable business, or a viable oceanfront business which requires parking space. This evidence was presented through the testimony of an appraiser, D. L. McKnight, and was uncontradicted.

Defendant seeks foreclosure based on the breach of obligation by the plaintiff, the plaintiff having violated the express provisions of paragraphs (3) and (4) of Section 55-59. Section 55-59 begins: "Every deed of trust *to secure debts or indemnify sureties* is 'in the nature of a contract'." Paragraph (3) provides: "The grantor shall be deemed to covenant that he will keep the improvements on the property in tenantable condition, whether such improvements were on the property when the deed of trust was given or were thereafter placed thereon." Paragraph (4) provides: "The grantor shall be deemed to covenant that no waste shall be committed or suffered upon the property."

Defendant urges the Court that the right to foreclose should not be stayed because plaintiff has clearly violated the literal terms of paragraphs (3) and (4). The term "waste" has many definitions, however, that most closely relating to the circumstances of this case is as follows: "An unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in its substantial injury. Any unlawful act or omission of duty on the part of the tenant which results in permanent injury to the inheri-

tance. Unreasonable conduct by owner of possessory estate that results in physical damage to real estate and substantial diminution in value of estates in which others have an interest." After considering the uncontradicted testimony of Mr. McKnight regarding the appreciation in value of the property and its "highest and best use," the Court fails to find that the plaintiff has committed waste.

That plaintiff has violated the literal terms of paragraph (3) is clear; the structure has admittedly been destroyed in accordance with plaintiff's apparently original intent. The structure was also destroyed while both parties were under the jurisdiction of the Court, not a commendable act by plaintiff but nevertheless not dispositive of the issue. Again, the contention of defendant that the foreclosure should proceed because of the violation of the express provision of the deed of trust must be examined in view of the particular circumstances of the case. Defendant's position, of necessity, is that of a distinction in the nature of a deed of trust and a mortgage. As *Michie's Jurisprudence* and the cases cited by that authority in its treatise on mortgages and deeds of trust make clear, the practical difference lies in the method of foreclosure. The trustee is not required to apply to a court of equity to extinguish the debtor's equity of redemption, but instead may order a sale under the terms of the instrument once a forfeiture has occurred. It is obvious, however, that only the form of the transaction has changed, its nature remains the same. The obligor's rights are extinguished only in the event of a forfeiture, and of course equity abhors such.

In the Court's opinion the requirements of Section 55-59 including paragraphs (3) and (4) have been drafted for one purpose, to protect the noteholder's security in the property. In this case, according to the only evidence presented, the obligor plaintiff's actions have not impaired that security. If this Court were to sanction a foreclosure under these facts, the cause of equity would not be served, and therefore this Court will not so sanction.

Accordingly, the plaintiff's prayer for injunction is sustained. Each party is required to bear his own costs and expenses of process and litigation.